UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-03-KSF

GOVERNMENT EMPLOYEES INSURANCE
COMPANY                                                                  PETITIONER

v.                                      **OPINION & ORDER**

WAYNE SMITH, in his capacity as father
and next of friend of the minor, C.T.S.                                  RESPONDENT

\* \* \* \* \* \* \* \* \*

        This matter is before the Court upon the motion of the petitioner, Government Employees

Insurance Company ("GEICO"), for default judgment pursuant to Rule 55(b)(2) of the Federal Rules

of Civil Procedure. [DE #11] On February 12, 2008, the Clerk, pursuant to Rule 55(a) of the Federal

Rules of Civil Procedure, entered default judgment against the respondent, Wayne Smith, in his

capacity as father and next friend of the minor, C.T.S., based upon his failure to plead or otherwise

defend [DE #7].  The respondent has failed to respond to GEICO's motion for default judgment and

the time for so doing has expired.  For the reasons set forth below, GEICO's motion for default

judgment will be **GRANTED**.

**I.      BACKGROUND**

        This case arose out of an insurance coverage dispute stemming from a car accident on July

29, 2007 in Jackson, Kentucky.  GEICO contends that a minor, C.T.S. took and operated a 1999

Chevrolet Cavalier without the knowledge or permission of the vehicle's owner, Brenda

Montgomery.  At that time, the vehicle was covered by an insurance policy issued by GEICO to

Montgomery.  While the vehicle was in the minor's possession and control, an accident occurred which injured C.T.S. and his three passengers, and damaged two parked vehicles.  Because C.T.S. was not a covered driver or permissive user under the language of the policy, GEICO filed this action for declaratory judgment that it has no duty or obligation to provide coverage for injuries or property damage caused by C.T.S.'s non-permissive operation of Montgomery's vehicle.

The respondent, Wayne Smith, in his capacity as father and next friend of the minor, C.T.S., was properly served via personal service on January 13, 2008 [DE #5].  The respondent, however, failed to answer, respond to, or otherwise defend against the complaint within the time prescribed by the Federal Rules.  The Clerk of Court made an entry of default on February 14, 2008, in accordance with Rule 55(a) [DE #7].  The petitioner now moves the Court to enter judgment by default against the respondent under Rule 55(b)(2) [DE #11].  The respondent has failed to appear in this action and, according to the affidavit of petitioner's counsel, his failure to appear is not due to infancy, incompetency, or military service [DE #6-2].

## II.   DISCUSSION

Pursuant to Rule 57 and 28 U.S.C.§ 2201, GEICO brings this action for a declaratory judgment.  The purpose of the action is to determine the rights and other legal relations surrounding questions of actual controversy between GEICO and the respondent.  The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration. . . ."  28 U.S.C. § 2201(a).  Because a declaratory judgment would settle the controversy regarding the scope of insurance coverage under the GEICO policy, the Court finds that the exercise of jurisdiction in this matter is appropriate.

The well-pleaded facts alleged in GEICO's complaint were deemed admitted as of February 14, 2008, the date on which the Clerk made the default entry [DE #7].  Moreover, GEICO's

complaint sets forth a valid legal claim against the respondent and thus provides a sufficient basis for entering judgment against him.  Thus, the Court finds that default judgment is appropriate in this case.

Based on the facts and legal argument in GEICO's motion, the Court finds that the minor, C.T.S. is not insured under Montgomery's policy with GEICO and GEICO is not obligated by the terms of its insurance contract with Montgomery to provide coverage for C.T.S.'s liability.  GEICO has no duty to defend and has no duty to afford coverage to C.T.S. and/or any individual who may present a claim against C.T.S. or any third parties for any damages, including but not limited to property damage and medical damages, which resulted from C.T.S.'s unauthorized use of Montgomery's motor vehicle.

**III.   CONCLUSION**

For the reasons set forth above, the Court being fully and sufficiently advised, **HEREBY ORDERS** that:

(1)   GEICO's motion for default judgment [DE #11] is **GRANTED**, and GEICO is hereby absolved of any and all responsibilities or requirements to pay for any and all claims arising out of the motor vehicle collision of July 29, 2007; and

(2)   judgment in favor of GEICO and against the respondent will be entered contemporaneously with this Order.

This October 21, 2008.



Signed By:

_**Karl S. Forester**_   K S F

**United States Senior Judge**